UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ELIJAH OVERTON, | § | |
| | § | |
|     Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-09-3690 |
| | § | |
| JPMC CHASE BANK, | § | |
| | § | |
|     Defendant. | § | |

**<u>OPINION & ORDER</u>**

Pending before the Court is Defendant JPMorgan Chase Bank, N.A.'s ("JPMC") motion to dismiss for failure to state a claim or, alternatively, motion for more definite statement, and brief in support of same. (Doc. 4.) To date, Plaintiff Elijah Overton ("Overton") has not responded. Upon careful review and consideration of this motion, as well as the relevant legal authority, and for the reasons explained below, the Court finds that Defendant's motion to dismiss should be granted.

I. Background and Relevant Facts

Plaintiff Overton filed his original complaint *pro se* in state court on August 21, 2009, seeking a monetary judgment against JPMC in excess of $210,000. (Doc. 1-1 at 5.) Overton filed his complaint on a form designed to be used by a creditor seeking to foreclose on a debtor's homestead. (*Id.*) It appears that Overton asserts a claim against JPMC for wrongful foreclosure. (*Id.* at 7.) Among other relief, Overton requests $80,000 in attorney's fees. (*Id.* at 6). Defendant JPMC subsequently removed the case to this Court on November 13, 2009 (Doc. 1), and then filed the instant motion to dismiss (Doc. 4). On March 3, 2010, attorney V. O. Carden, Jr. entered an appearance on behalf of Overton. To date, however, no response has been filed to Defendant's motion.

II. <u>Legal Standard on Rule 12(b)(6)</u>

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the filing of a motion to dismiss a case for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations and quotations omitted). A plaintiff must allege enough facts to state a claim to relief that is "plausible" on its face. *Id.* at 1974. However, a Rule 12(b)(6) motion to dismiss "is viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982).

Therefore, the complaint must be liberally construed in favor of the plaintiff, all reasonable inferences are to be drawn in favor of the plaintiff's claims, and all factual allegations pleaded in the complaint must be taken as true. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986). Nevertheless, conclusory allegations and unwarranted factual deductions will not suffice to avoid a motion to dismiss. *United States ex rel. Willard v. Humana Health Plan of Texas, Inc.*, 336 F.3d 375, 379 (5th Cir. 2003). In ruling on a Rule 12(b)(6) motion, "courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).

*Pro se* litigants' court submissions are construed liberally and held to less stringent standards than submissions of lawyers. *Boag v. MacDougall*, 454 U.S. 364 (1982); *Estelle v.*

*Gamble*, 429 U.S. 97, 106 (1976) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)); *Haines v. Kerner*, 404 U.S. 519 (1972).  Courts provide *pro se* parties wide latitude when construing their pleadings and papers, and use common sense to determine what relief the party desires.  *S.E.C. v. Elliott*, 953 F.2d 1560, 1582 (11th Cir. 1992).

III.  Discussion

Plaintiff Overton's petition fails to state a cognizable cause of action on its face.  Even construed as an action for wrongful foreclosure, Overton's petition lacks any facts required to maintain such an action.  The elements of a claim for wrongful foreclosure are: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price.  *Charter Nat'l Bank-Houston v. Stevens*, 781 S.W.2d 368, 371 (Tex. App.—Houston [14th Dist.] 1989, writ denied).  Because Overton does not plead any facts supporting these required elements, his claim must fail.

IV.  Conclusion

Accordingly the Court hereby ORDERS that Defendant JPMorgan Chase Bank, N.A.'s motion to dismiss for failure to state a claim (Doc. 4), pursuant to Fed. R. Civ. P. 12(b)(6), is GRANTED.

The case is DISMISSED without PREJUDICE.

SIGNED at Houston, Texas, this 20th day of March, 2010.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE